Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3930 | **DATE** | November 24, 2004 |
| **CASE TITLE** | USA ex rel ALLEN BEAVERS vs. LEIBACH | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, the petition for a writ of habeas corpus is denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

No notices required, advised in open court.
No notices required.
X Notices mailed by judge's staff.
Notified counsel by telephone.
✓ Docketing to mail notices.
Mail AO 450 form.
Copy to judge/magistrate judge.

JS — courtroom deputy's initials

date docketed: NOV 29 2004
date mailed notice: 11-24-04

Document Number: 18

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. ALLEN BEAVERS | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 04 C 3930 |
| BLAIR LEIBACH, Warden | ) ) ) | |
| Respondent. | ) | |

DOCKETED NOV 2 9 2004

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Allen Beavers, ("Beavers"), filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 9, 2004. For the reasons set forth below, this court denies Beavers' petition.

## BACKGROUND

A. Illinois State Court Proceedings

1. Trial and Direct Appeal

In 1997, Beavers was tried before a jury and convicted in the Circuit Court of Will County, Twelfth Judicial Circuit, Will County, Illinois, of the crimes of aggravated battery with a firearm, 720 ILCS 5/12-4.2(a), aggravated criminal sexual assault, 720 ILCS 5/12-14(a)(1), aggravated kidnaping, 720 ILCS 5/10-2(a)(5), and aggravated discharge of a firearm, 720 ILCS 5/24-1.2(a)(1). (Petition at pg. 1; Resp't Ex. L at pg. 1). He received a term of 12 years for the aggravated battery with a firearm, 6 years for the aggravated criminal sexual assault, 12 years for aggravated kidnaping and 6 years for aggravated discharge of a firearm. (Pet'r Ex. 6(b) at pg. 2.) The trial court ordered the sentences to be served consequently resulting in a total sentence of 36 years. (Petition at pg. 1;



Resp't Ex. A at pg. 1.)

Beavers appealed to the Appellate Court of Illinois, Third District. That court determined on September 9, 1999 that the trial court properly admitted evidence of Beavers' prior crimes or bad acts committed against the victim, but ordered that Beavers' sentence must be modified to allow for the receipt of good conduct credit in light of the Illinois Supreme Court's decision in People v. Reedy, 708 N.E.2d 1114 (1999), which had held the Illinois Truth-In-Sentencing law was unconstitutional under the Illinois Constitution. (Petition at pg. 2; Resp't Ex. A at pg. 6.) Beavers then sought relief from the Illinois Supreme Court on his prior crimes or bad acts argument. The Illinois Supreme Court denied his petition for leave to appeal on December 1, 1999. (Petition at pg. 1; Resp't Ex. D.) Beavers did not file a petition for a Writ of Certiorari with the Supreme Court of the United States. (Petition at pg. 2.) Beavers' direct appeal became final on March 1, 2000 after the lapsing of his 90 days to file a petition for a Writ of Certiorari under the Rules of Supreme Court of the United States. Sup. Ct. R. 13.

2. State Collateral Review

Beavers then filed three petitions for post-conviction relief in the Illinois state courts. His first petition was filed on September 30, 1999 in the Circuit Court of Will County and alleged that (1) he had been denied effective assistance of counsel on appeal because his lawyer failed to challenge the his conviction for Aggravated Kidnaping and Aggravated Criminal Sexual Assault because Aggravated Criminal Sexual Assault is an inchoate offense of Aggravated Kidnaping; (2) he was denied effective assistance of counsel at trial when his lawyer conceded his guilt in the closing argument; (3) he was denied effective assistance of counsel on appeal when his lawyer failed to argue that he had been convicted beyond a reasonable doubt; and, (4) his due process rights were

2

violated when the trial court failed to provide a statement regarding the necessity of protecting the public when ordering his sentences to run consecutively. (Id. at pg. 4.) Beavers' petition was dismissed on November 18, 1999 (Id.) He attempted to appeal to the Appellate Court, Third District, but after a withdrawal of counsel and failure to follow court rules, Beavers' appeal was dismissed by the Third District on October 13, 2000 and Beavers decided not to appeal the dismissal to the Illinois Supreme Court. (Id.)

Beavers then filed a second petition on July 20, 2000, (Pet'r Ex. 7 to Petition at pg. A-35), and a third petition on December 15, 2000. (Pet'r Ex. 7 to Petition at pg. A-42.) The second and third petition for post-conviction relief were dismissed by the Will County Circuit Court on September 19, 2000, (Pet'r Ex. 7 to Petition at pg. A-39), and July 19, 2001, respectively. (Pet'r Ex. 7 to Petition at pg. A-48.) The second and third petitions were consolidated on appeal before the Appellate Court, Third District. The Third District, in its November 27, 2002 decision, rejected Beavers argument that the imposition of consecutive sentences violated the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). (Resp't Ex. L at pg. 4.) The Third District did hold that trial court erred because the sentence for aggravated discharge of a firearm should have been ordered to run concurrently instead of consecutively. (Id. at 9.) This error, coupled with the prejudice caused by the withdrawal by Beavers' lawyer, was sufficient to satisfy the cause and prejudice standard and the Third District ruled that Beavers sentence for aggravated discharge of a firearm must run concurrently to his other sentences. (Id. at 9-10.) The Illinois Supreme Court on June 4, 2003 denied leave to appeal the Third District's ruling on Beavers' second and third petitions.

B. Beavers' Petition Before this Court

Beavers filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this court on June 9, 2004. He argues that (1) his right under the Sixth Amendment and Fourteenth Amendments of the United States Constitution were violated through the imposition of consecutive sentences under 730 ILCS 5-8-4(A)(1) when judge made the additional factual finding of "severe bodily injury" instead of a jury's determination of that fact beyond a reasonable doubt; (2) his constitutional right to due process under the Fourteenth Amendment to the United States Constitution was violated because he was not proven guilty beyond a reasonable doubt for the offenses for which he was charged. (Petition at pg. 10-15.)

## ANALYSIS

Claim 1: The Trial Court's Determination of Severe Bodily Injury

Beavers argues that the determination of "severe bodily injury" should have been made by the jury to the standard of beyond a reasonable doubt instead of the trial judge making that determination. The trial judge's determination ultimately lead to the imposition of consecutive sentences for each crime, totaling a total sentence of 30 years (after the 36 years sentence was reduced to 30 years by the Third District), instead of a sentence of 12 years that Beavers would have received if sentenced concurrently.

Illinois law provides for the imposition of consecutive sentences in two situations. Consecutive sentences must be imposed if certain factors are present, the one applicable to this case is the conviction of a Class X or Class 1 Felony and the defendant inflicted severe bodily injury. 730 ILCS 5/5-8-4(a)(1). The trial judge is also given discretion to impose a consecutive sentence in a case where a concurrent sentence would otherwise be appropriate if based on the "nature and

circumstances of the offense and the history and character of the defendant, it is of the opinion that consecutive sentences are required to protect the public from further criminal conduct by the defendant." 730 ILCS 5/5-8-4(a)(1).

Although Beavers does not cite to Apprendi v. New Jersey, 530 U.S. 466 (2000), in his petition, his argument that his Sixth Amendment rights were violated by the trial court judge's determination of the additional finding of "severe bodily injury" is an Apprendi argument. Apprendi holds that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490.

This court rejects Beavers' Apprendi argument. The Seventh Circuit has held that Apprendi is not applied retroactively. Dellinger v. Bowen, 301 F.3d 758, 764 (7th Cir. 2002) (quoting Curtis v. United States, 294 F.3d 841, 844 (7th Cir. 2002) ("We recently held that Apprendi is not retroactive and thus 'does not disturb sentences that became final before June 26, 2000, the date of its release.'"). Beavers' sentence became final March 1, 2000 which is before the June 26, 2000 release date. Consequently, Beavers is barred from attempting to make an argument based on Apprendi or its progeny.

Claim 2: Determination of Offenses Charged Beyond a Reasonable Doubt

Beavers argues that his constitutional rights have been violated because he was not proven guilty beyond a reasonable doubt for the offenses charged. Beavers has never presented this argument in his state proceedings and therefore this argument is defaulted. The closest Beavers got to this argument was in his first state post-conviction petition where he argued that he received ineffective assistance of appellate counsel when counsel failed to argue on appeal that he was not

5

found guilty beyond a reasonable doubt for the offenses charged. Beavers ultimately withdrew this petition and instead focused on sentencing issues in his second and third post-conviction petitions.

The petitioner must exhaust state court remedies before bringing a habeas petition in federal court. See 28 U.S.C. § 2254(b)(1). "Federal courts may only review defaulted claims if the petition shows cause for failure to raise them at the appropriate time and actual prejudice which resulted from such failure." Rodriguez v. Scillia, 193 F.3d 913, 917 (7th Cir. 1999) (citing Wainwright v. Sykes, 433 U.S. 72, 91 (1977)). "Absent such a showing, the defaulted claim is reviewable only where a refusal to consider it would result in a fundamental miscarriage of justice. United States ex rel. Bell v. Pierson, 267 F.3d 544, 551 (7th Cir. 2001). A fundamental miscarriage of justice is one where "a constitutional violation has probably resulted in the conviction of one who is actual innocent. This standard requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him." Rodriguez, 193 F.3d at 917 (internal citations omitted).

Beavers has never brought this claim to the Illinois state courts and Beavers has not presented sufficient justification for his default. Beavers has been able to bring a direct appeal and three post-conviction appeals in the Illinois state courts on a variety of issues. He has failed to bring forth an argument as to why he was unable to bring this claim during the Illinois state court review. Furthermore, Beavers has brought forth no argument that would lead to a conclusion that it is more likely than not that no reasonable juror would have convicted him.

## CONCLUSION

For the reasons set forth above, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is denied.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Judge

DATE: November 24, 2004